CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJkq
NOV 07 2014
JULIA C. DUDLEY, CLERK
BY: HMcOcnoQ
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEVIN TERRY DOTSON,<br>　　Petitioner, | )　Civil Action No. 7:13-cv-00529<br>)<br>) |
| v. | )　**MEMORANDUM OPINION**<br>) |
| WARDEN OF KMCC,<br>　　Respondent. | )　By:　Hon. Jackson L. Kiser<br>)　　　Senior United States District Judge |

Kevin Terry Dotson, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. I previously dismissed without prejudice Respondent's first motion to dismiss and directed Respondent to expand the record and file another motion. After Respondent filed the second motion to dismiss, Petitioner filed a motion to amend, which the court granted and directed Respondent to file a new motion to dismiss. Presently before me is Respondent's third motion to dismiss, to which Petitioner filed a motion for leave to file another amended petition. After reviewing the record, I deny Petitioner leave to file an amended petition and grant Respondent's motion to dismiss.

I.

On June 1, 2012, the Circuit Court of Russell County sentenced Petitioner to an active sentence of thirteen years' incarceration after Petitioner pleaded guilty to abduction and aggravated malicious wounding. On July 30, 2012, Petitioner filed a motion for sentence reduction, which the Circuit Court denied on the same day. Petitioner did not appeal.

On October 29, 2012, Petitioner filed a pro se petition for a writ of habeas corpus with the Supreme Court of Virginia. Petitioner argued that he had mental health problems, the Commonwealth's witness was not credible due to her alcohol consumption, the trial judge had a conflict of interest, and the evidence was not sufficient to sustain the convictions. The Supreme

Court of Virginia dismissed the petition on February 7, 2013, as procedurally defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974).

It is not apparent from the original petition when Petitioner commenced this action because Petitioner did not aver when he deposited the original petition in the institutional mail at the Southwest Virginia Regional Jail ("Jail"). See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule). The record reflects that Petitioner first mailed the petition to the Court of Appeals for the Fourth Circuit, and on October 11, 2013, that court returned the mailed petition as an enclosure and explained that Petitioner must file the petition with a federal district court. Petitioner then mailed the petition from the Jail to the court for docketing, and the petition arrived on November 4, 2013, bearing a postal date stamp of November 1, 2013.

In response to a court order, Respondent filed the affidavit of a lieutenant at the Jail, explaining that the Jail does not maintain an outgoing legal mail log. Consequently, the lieutenant cannot state with certainty when Petitioner handed the petition to Jail officials for mailing. The record reflects that Petitioner handed the original petition to correctional officials for mailing to this court sometime between October 12 and October 30, 2013.

Presently before me is Petitioner's amended petition, in which he alleges that counsel rendered ineffective assistance by: (1) not ensuring that Petitioner entered a knowing and intelligent guilty plea; (2) not investigating the crime; and (3) not preparing for trial pursuant to Virginia Code § 8.01-397.

2

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] The applicable period for the instant petition began to run from the date on which the judgment of conviction became final.[2] 28 U.S.C. § 2244(d)(1)(A); see United States v. Clay, 537 U.S. 522, 524 (2003) (holding a conviction becomes final once the availability of direct review is exhausted). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2); see Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Respondent establishes by a preponderance of the evidence that the petition was not timely filed. Petitioner's conviction became final on Monday, July 2, 2012, when the time expired for Petitioner to note an appeal from the Circuit Court of Russell County to the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6(a) (stating an appeal from the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). After tolling the time state collateral review was pending on July 30, 2012, and between October 29, 2012, and February 7, 2013, Petitioner had until Friday, October 11, 2013,

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

to properly file his federal petition. October 11, 2013, is the same day the Court of Appeals for the Fourth Circuit wrote the letter to Petitioner and returned the petition as misfiled in the wrong court. Even if I assume that the Court of Appeals mailed the letter on the same day, it is not more probable that the United States Postal Service delivered the letter and petition from Richmond to the Jail in Meadowview, Virginia, and then Petitioner received the petition from Jail staff, repackaged the petition for mailing, and returned it to prison officials all on the last day of filing. Furthermore, the envelope containing the federal petition that commenced this action was date stamped on November 1, 2013, and the envelope normally would have been date stamped within, at most, a few days of when he deposited it in the institutional mailbox. Despite the opportunity to do so, Petitioner has not established when he handed the federal petition to Jail staff for mailing to this court, and Respondent has shown by a preponderance of the evidence that this action was commenced after the one-year limitations period expired.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that

prevented Petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting that pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, Petitioner filed his federal habeas petition more than one year after the judgment became final, Petitioner is not entitled to equitable tolling, and the petition may be dismissed as time barred.

### III.

Even if this action was commenced within the limitations period, the instant claims are unexhausted and procedurally defaulted. Petitioner did not present the instant claims to the Supreme Court of Virginia, and a federal court "may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). Therefore, the instant claims are treated as procedurally defaulted because they would be procedurally barred by Virginia Code § 8.01-654(B)(2) if Petitioner returned to state court to raise them in a successive petition. See Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir.1997).

None of the instant claims constitutes a "substantial" claim of ineffective assistance of counsel, and Petitioner fails to establish cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012) (creating a limiting qualification to Coleman for "substantial" claims of ineffective assistance of trial counsel where the cause was either no counsel or ineffective assistance of counsel during the initial state collateral proceeding).

5

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner who had pleaded guilty to demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Strickland, supra at 694.

In the first claim, Petitioner alleges that counsel erroneously advised him to waive arraignment on direct indictment for abduction and promised that Petitioner would receive only ten years in prison after pleading guilty. Petitioner fails to show how he was prejudiced by his attorney's advice to waive arraignment or that such advice was professionally unreasonable given that Petitioner entered into a plea agreement. Furthermore, Petitioner's claim that he was promised a ten year sentence is belied by the plea agreement, which he signed, stating that no one had made him any promises other than what was contained in the agreement. Moreover, Petitioner attached a competency evaluation to his original federal habeas petition showing he was found competent to stand trial, so his allegation to the contrary is without merit.

Petitioner's allegation that counsel failed to investigate the case is similarly insufficient to state a "substantial" claim. Petitioner entered a guilty plea, and thus, counsel was not required to present any defense to the charges. Nonetheless, Petitioner alleges that additional investigation

6

would have established that the victim was a known drug addict and made inconsistent statements. However, the report about Petitioner's sanity at the time of the offense, which Petitioner attached to his original habeas petition, reveals that the Commonwealth's evidence would have been that the victim sustained severe injuries, she identified Petitioner as the perpetrator, and another party witnessed the attack.

Petitioner's third claim that counsel should have presented a defense is similarly without merit. Although he pleaded guilty, Petitioner faults counsel for not arguing that the victim's testimony should have been inadmissible because she died before trial. However, Virginia law would have permitted the victim's preliminary hearing testimony at trial because she was unavailable by death. Jones v. Commonwealth, 22 Va. App. 26, 52, 467 S.E.2d 841, 844 (Va. Ct. App. 1996).

Accordingly, none of the instant claims of ineffective assistance of counsel are substantial to excuse their procedural default. Petitioner fails to satisfy both that counsel performed deficiently or that, had the deficient performance even occurred, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, the claims must be dismissed as procedurally defaulted.

## IV.

I deny Petitioner's motion for leave to file an amended petition. In April 2014, the court denied Petitioner's first motion to amend the petition because he did not file a proposed amended petition with the motion to amend. The court further warned that any future motion to amend must accompany a proposed amended petition. One month later, Petitioner complied and filed a new motion to amend with a proposed amended petition, which the court granted. Now,

7

however, Petitioner seeks leave to amend the petition but, again, without filing a proposed petition, which violates the prior order. Furthermore, I cannot determine the futility of an amendment without seeing it. See Long v. Satz, 181 F.3d. 1275, 1279-80 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."); Wolgin v. Simon, 722 F.2d 389, 394-95 n.10 (8th Cir. 1983) (collecting cases holding that it is inappropriate for a court to grant a motion to amend without viewing the amended pleading); see also Williams v. Wilkerson, 90 F.R.D. 168, 169 (E.D. Va. 1981) (recognizing that it is appropriate for a party to attach a copy of a proposed amended pleading with a motion to amend because "authorities . . . tend to support such a rule"). Thus, I deny leave to amend due to futility, as no proposed amended petition was filed; undue delay and a dilatory motive; a repeated failure to cure deficiencies by the amendment previously allowed; and undue prejudice to the opposing party. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)).

## V.

For the foregoing reasons, I deny Petitioner's motion to amend, grant Respondent's motion to dismiss, and dismiss the petition for a writ of habeas corpus. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 7th day of November, 2014.

/s/ Jackson L. Kiser
Senior United States District Judge

8

Case 7:13-cv-00529-JLK-RSB   Document 43   Filed 11/07/14   Page 8 of 8   Pageid#: 396